**MIXED CHICKS LLC, Plaintiff,**

v.

**SALLY BEAUTY SUPPLY LLC, Defendant.**

**Case No. SACV 11–452 AG (FMOx).**

United States District Court, C.D. California.

July 25, 2012.

Alan R. Wechsler, Kenneth G. Parker, Haynes and Boone LLP, Irvine, CA, for Plaintiff.

David J. Stewart, Kathryn Warren Bina, Robert L. Lee, Alston & Bird LLP, Atlanta, GA, Jonathan Mark Gordon, Mitra Melisa Eskandari–Azari, Casondra K. Ruga, Alston and Bird LLP, Los Angeles, CA, for Defendant.

## ORDER RE JURY SELECTION PROCEDURES AND MOTIONS IN LIMINE

ANDREW J. GUILFORD, District Judge.

With the trial approaching, the Court here provides its instructions concerning its jury selection procedure and its rulings on the parties' motions in limine.

## 1. JURY SELECTION PROCEDURE

**General.** The Court orders that the jury be selected using the "Arizona Blind Strike" method generally as here described. There will be eight jurors, with the entire jury deliberating. Fed.R.Civ.P. 48(a). Each side will have three peremptory challenges. 28 U.S.C. § 1870; Fed. R.Civ.P. 47(b). Every member of the jury panel will be numbered, beginning with one.

**Jury Preliminaries.** After the Court greets the jury panel, counsel will introduce themselves and their clients. Each side will then have two minutes to present a non-argumentative summary of the case. The jury panel will be sworn, and the Court will identify witnesses in the case. The panel members will be asked if they recognize any parties, counsel, or witnesses. The Court will discuss calendar and hardship issues with the entire panel.

**Voir Dire.** Every member of the panel will answer standard biographical questions read by each member from a paper circulated among the panel. The Court will then conduct voir dire of the entire panel, using standard questions, and if appropriate, questions provided by counsel. Each side may spend 10 to 20 minutes conducting voir dire of the entire panel. The principal purpose of voir dire to identify bias. *See Patton v. Yount*, 467 U.S. 1025, 1038, 104 S.Ct. 2885, 81 L.Ed.2d 847

(1984); *Scott v. Lawrence,* 36 F.3d 871, 874 (9th Cir.1994). It is not to indoctrinate, inculcate, influence, insinuate, inform, or ingratiate.

**Hardship Rulings.** At some point before challenges for cause and peremptory challenges, and after reviewing the matter with counsel outside the panel's presence, the Court will rule on hardships. All panel members found to have sufficient hardship will be thanked and excused at the same time.

**Challenges.** Outside the jury's presence, the Court will hear and rule on challenges for cause. Each side will then submit in writing five proposed written peremptory challenges. From this list, the Court will determine the three *actual* peremptory challenges, adjusting for duplicates as follows. Each side will get their first three peremptory challenges as listed by going back and forth from plaintiff's list to defendant's list in the order specified, not counting a peremptory challenge if it follows a previous duplicate from the other list.

**Seating the Jury.** After removals from the panel for hardship, challenges for cause, and peremptory challenges, the first eight remaining jurors with the lowest original numbers will be placed in the box and all remaining jury panel members will be thanked and excused.

## 2. MOTIONS IN LIMINE

Before turning to the parties' motions, the Court briefly discusses proper and improper reasons for bringing motions in limine.

### 2.1 Proper Reasons for Motions In Limine

Some examples of proper reasons for motions in limine follow.

(A) To help the Court perform its proper "gatekeeping" duty, including for proposed experts subject to attack under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 597 [113 S.Ct. 2786, 125 L.Ed.2d 469] (1993). (But note that often the best remedy for bad testimony is cross-examination. Too often, parties do themselves a disservice by seeking exclusion of testimony, instead of using cross-examination to expose the weakness of such testimony, and by extension, the other side's case.)

(B) To help trial planning and save travel and other expenses by determining whether a witness will be allowed to testify.

(C) To help trial planning and save expense by eliminating a major issue at trial.

(D) To help the Court thoroughly research and review a significant and complicated evidentiary issue outside the pressure and parameters of a trial in session.

(E) To resolve highly sensitive issues before the "bell is rung" in front of the jury in opening statements or questions to witnesses. (But note that often the best remedy for an improper comment in opening statement is arguing to the jury that counsel did not honor its promise when that comment is not supported at trial (because a trial objection was sustained).)

### 2.2 Improper Reasons for Motions In Limine

Many motions in limine deal with obvious or trivial matters that cannot be decided outside the context of developments in the actual trial. Thus, motions in limine often must be granted or denied only without prejudice to further review in the con-

text of trial. Some examples of improper reasons for motions in limine follow.

(A) To present all conceivable evidentiary objections that might arise at trial.

(B) As a substitute for motions to compel discovery or for discovery sanctions that should have been brought earlier.

(C) As a substitute for summary judgment.

(D) To reiterate or reinforce obvious or trivial points.

(E) To "educate the judge" on a particular issue.

(F) To control or cabin items that can't be controlled or cabined in the progress of a trial.

(G) To resolve issues prematurely before they are viewed in the context of trial.

## 3. RULINGS ON PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff's first motion in limine is DENIED. But Defendant may not introduce evidence concerning the "Team Light Skin" twitter post to show racial animus.

Plaintiff's second motion in limine is DENIED without prejudice and without impact on the June 14, 2012 stipulation.

Plaintiff's third motion in limine is DENIED without prejudice.

Plaintiff's fourth motion in limine is DENIED without prejudice.

Plaintiff's fifth motion in limine is DENIED.

Plaintiff's sixth motion in limine is DENIED without prejudice and without impact on the June 14, 2012 stipulation.

Plaintiff's seventh motion in limine is DENIED.

Plaintiff's eighth motion in limine is DENIED without prejudice.

Plaintiff's ninth motion in limine is GRANTED.

Plaintiff's tenth motion in limine is DENIED.

## 4. RULINGS ON DEFENDANT'S MOTIONS IN LIMINE

Defendant's first motion in limine is DENIED.

Defendant's second motion in limine is GRANTED in part and DENIED in part. Defendant's request to exclude Skorheim's corrective damages testimony is DENIED, but Plaintiff may not introduce testimony concerning corrective advertising damages based on Jacoby's confusion rate.

Defendant's third motion in limine is DENIED.

Defendant's fourth motion in limine is DENIED. But Defendant may conduct discovery concerning Wakia London and Amina Mills and Plaintiff's communications with them.

Defendant's fifth motion in limine is GRANTED.

Defendant's sixth motion in limine DENIED with prejudice as to Sally Beauty's objections under Rules 401, 403, 408, and 901. DENIED without prejudice as to Sally Beauty's objection under Rule 803.

Defendant's seventh motion in limine is GRANTED in part and DENIED in part. The motion is GRANTED as to Exhibits 70, 71, 72, 73 (pages MC002419, MC002422, MC002423, and MC002424), 74, 75, 76, 77, 78, 480, and 481, and DENIED as to Exhibit 73 (pages MC002418, MC002420, MC002421).

Defendant's eighth motion in limine is GRANTED.

Defendant's ninth motion in limine is (5) GRANTED subject to reconsideration if original media are unavailable.